# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No.  SACR 05-0027-JVS                                                     Date  October 17, 2005

Present: The Honorable  JAMES V. SELNA

| Karla J. Tunis | Sharon Seffens | Jeannie Joseph |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| Defendant | Counsel for Defendant | Retd. DFPD Panel | Interpreter |
|---|---|---|---|
| Preet Singh Grewal | Lawrence R. Young | X | Not Needed |

**PROCEEDINGS:**            **SENTENCING AND JUDGMENT**

__X__ Refer to Judgment and Probation/Commitment Order; signed copy attached hereto.   ___ See below for sentence.
___ Imprisonment for _years/months_ on each of counts _____
  Count(s) _____ concurrent/consecutive to count(s) _____
___ Fine of $ _____ is imposed on each of count(s) concurrent/consecutive.
___ Execution/Imposition of sentence as to imprisonment only suspended on count(s) _____
___ Confined in jail-type institution for _____ to be served on consecutive days/weekends
  commencing _____
___ years/months Supervised Release/Probation imposed on count(s) _____
  consecutive/concurrent to count(s) _____
  under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:
  ___ Perform _____ hours of community service.
  ___ Serve _____ in a CCC/CTC.
  ___ Pay  $ _____ fine amounts & times determined by P/O.
  ___ Make  $ _____ restitution in amounts & times determined by P/O.
  ___ Participate in a program for treatment of narcotic/alcohol addiction.
  ___ Pay any fine imposed by this sentence & that remains unpaid at commencement of community supervision. Comply with rules/regulations of BICE, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.
  ___ Other conditions: _____
___ Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court finds the defendant does not have the ability to pay.
___ Pay  $ _____ per count, special assessment to the United States for a total of  $ _____
___ Imprisonment for _months/years_ and for a study pursuant to 18 USC _____
  with results to be furnished to the Court within _days/months_ whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____
___ ORDER sentencing transcript for Sentencing Commission.   ___ Processed statement of reasons.
___ Bond exonerated   ___ upon surrender   ___ upon service of _____
___ Issued Remand/Release   # _____
___ Present bond to continue as bond on appeal.   ___ Appeal bond set at  $ _____
___ Filed and distributed judgment. Issd JS-3. ENTERED.
__X__ Other  The Court's Sentencing Memorandum (3 pages) is attached hereto.

ENTERED ON ICMS
OCT 2 4 2005

                                                                       :  10
Initials of Deputy Clerk  _____

cc: USPO
    PSA

33

CR-90 (12/03)                    CRIMINAL MINUTES - SENTENCING AND JUDGMENT                    Page 1 of 1

<u>United States v. Grewal</u>, Case No. SACR 05- JVS

<u>Sentencing Memorandum</u>

This matter is before the Court for sentencing defendant Preet Singh Grewal ("Grewal") on his plea to Count I of the Indictment for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. In arriving at a reasonable sentence as instructed by <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738 (2005), the Court has taken into consideration the United States Sentencing Commission Guidelines, the policies of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a), and the specific facts of this case. As set forth below, the Court finds that a sentence of 18 months imprisonment with a waiver of fine and 12 months in a residential drug rehabilitation program as part of supervised release represents a reasonable sentence in light of all of these factors.

1. <u>Sentencing Guidelines.</u> The Court adopts the Guidelines analysis of the Presentence Report.

1.2. <u>Offense Level.</u> The Court concurs that the applicable guideline is Section 2K2.1(a)(4)(A) which provides a base offense level of 20. A 4-level enhancement is required by because the gun was possessed in connection with another crime punishable by imprisonment for more than a year. U.S.S..G § 2K2.1(b)(5). Grewal is entitled to a 3-level reduction for accepting responsibility. U.S.S.G. § 3E1.1(b). The Court finds that the record before the Court establishes by a preponderance of the evidence the basis for each enhancement and the reduction. The adjusted offense level is 21.

1.3. <u>Criminal History.</u> The Court concurs that the defendant's Criminal History Category is III, based state convictions in 1998 and 2004 (1 point each) and commission of the present offense while on probation (2 points). Four Criminal History points places Grewal in Category III.

1.4. <u>Departures.</u> The Court acknowledges that it has discretion to depart from the sentence which results from an application of the Guidelines. The Court finds that there is no basis for a departure in this case.

1.5. <u>Conclusion.</u> The Court finds that proper application of the

1

Guidelines calls for a sentence imprisonment for 46 to 57 months with a waiver of fine.

2. <u>Sentencing Reform Act.</u> Consistent with the following factors, the Court assesses the propriety of the Guidelines sentence.

2.1. <u>Nature of Circumstances of the Offense and History and Characteristics of Defendant.</u> The Court finds that the Guidelines analysis has not taken into account this factor. Grewal has been diagnosed with Bipolar Disorder. During the period of this offense, there was a mixup in his medication which appears to a have contributed materially to his conduct. Prior to present offense, he had been free of drug usage for a substantial period and had been leading a constructive life, either employed or pursuing his education. During his incarceration awaiting sentence, he has earned several certificates. In light of these unusual circumstances, the Probation Officer has recommended a term of 30 months, and the Government concurs in the recommendation. At sentencing, the Government also concurred in Grewal's request that a portion of the sentence be served in a residential drug facility. The Court finds that facts of this case warrant the recommended reduction of 17 months below the low guideline and service of part of the term in a residential drug facility.

2.2. <u>Need for Sentence to Reflect Seriousness of Offense, to Promote Respect for Law, and to Provide Just Punishment.</u> The Court finds that the Guidelines analysis has taken into account this factor. A 30-month sentence of imprisonment and a residential drug program continues to satisfy this goal.

2.3 <u>Need to Afford Adequate Deterrence of Criminal Conduct.</u> The Court finds that the Guidelines analysis has taken into account this factor.

2.4. <u>Need to Protect the Public.</u> The Court finds that the Guidelines analysis has taken into account this factor. A 30-month sentence of imprisonment and a residential drug program continues to satisfy this goal.

2.5. <u>Need to Provide Defendant Individualized Service Needs.</u> Grewal will have access to drug treatment and rehabilitation and other rehabilitation services while in prison. However, the Court also finds that Grewal would benefit from a residential drug program as part of supervised release.

2.6. <u>Kinds of Sentences Available.</u>  Because Guidelines sentence falls within Zone D, the minimum term (46 months) must be satisfied through imprisonment. U.S.S.G. § 5C1.1(f). Even though the Court departs downward, the sentence is still in Zone D, and the Court independently concludes that imprisonment is proper in this case. However, for the reasons noted above, the Court splits the 30 months between imprisonment (18 months) and a residential drug facility (12 months.)

3. <u>Facts of the Case.</u>  There are no additional facts which the Guidelines analysis and the other factors in Section 3553(a) have not taken into account or have not adequately taken into account.

4. <u>Conclusion.</u>  In setting this sentence, the Court has taken into account that it has discretion under both the Guidelines and <u>Booker</u> in setting Grewal's sentence, but has only relied on its <u>Booker</u> discretion in setting the present sentence. The Court finds that taking into account the analysis mandated by <u>Booker</u>, a sentence of 18 months imprisonment with a waiver of fine and 12 months in a residential drug rehabilitation program as part of supervised release represents a reasonable sentence.

*Send*
*Enter JS3*

# United States District Court
## Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | SACR 05-00027-JVS |
|---|---|---|

| Defendant | Preet Singh Grewal | Social Security No. 1 0 3 3 |
|---|---|---|
| akas: | Indio Grewal | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Oct. | 17 | 2005 |

**COUNSEL** | [ ] WITH COUNSEL    Lawrence Young, retained
(Name of Counsel)

**PLEA** | [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING** | There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
**Felon in Possession of Firearm in violation of Title 18 U.S.C. 922(g)(1) as charged in the Single Count Indictment.**

**JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:
**eighteen (18) months on Count 1 of Indictment.**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall reside for a period of twelve (12) months in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency;

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

4. The defendant shall participate in outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs, using alcohol, and abusing prescription medications during the period of supervision;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug/alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U. S. C. 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

CC: USPO, USM, SA, PTS Fiscal, BOP

| | |
|---|---|
| USA vs.  Preet Singh Grewal | Docket No.:  SACR 05-00027-JVS |

6. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; and

7. The defendant shall cooperate in the collection of a DNA sample from the defendant pursuant to 42 U.S.C. § 14135a.

The defendant is advised of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_10.17.05_
Date

_/s/ James V. Selna_
James V. Selna
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

_10/18/05_
Filed Date

By _Lisa Bredahl_
Deputy Clerk

USA vs. Preet Singh Grewal                                      Docket No.:  SACR 05-00027-JVS

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

X   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| USA vs. Preet Singh Grewal | Docket No.: SACR 05-00027-JVS |
|---|---|

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | | | |
|---|---|---|---|
| USA vs. | Preet Singh Grewal | Docket No.: | SACR 05-00027-JVS |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date         Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date         Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
Defendant         Date

_____         _____
U. S. Probation Officer/Designated Witness         Date